In re Bruce LAWRENCE and Kayla Lawrence, Debtors.

Bankruptcy No. 3–83–1980.
No. 3–84–377.

United States District Court,
D. Minnesota,
Third Division.

May 17, 1984.

Hart Kuller, Michele D. Vaillancourt, St. Paul, Minn. for Blue Earth State Bank.

Timothy D. Moratzka, Hastings, Minn. for debtors.

## ORDER

MAGNUSON, District Judge.

This matter comes before the court upon the appeal of the Blue Earth State Bank from the Bankruptcy Court's February 9, 1984 Order and February 25, 1984 Findings of Fact and Conclusions of Law supplementing the February 9, 1984 Order.

On January 31, 1984 Appellant Bank filed a motion with the Bankruptcy Court seeking adequate protection of its security interests, or in the alternative, requesting relief from the automatic stay imposed by 11 U.S.C. § 362. A hearing was held on the Bank's motions on February 7, 1984. By Order dated February 9, 1984, the Bankruptcy Court denied the Bank's request for relief from the automatic stay and granted adequate protection to the Bank in the form of a replacement lien in after-acquired and newly-born livestock as well as certain monthly payments. In the February 9, 1984 Order the Court held that the Bank's pre-petition perfected security interest in all existing and after-acquired farm products and their proceeds did not extend to milk produced post petition by the Debtors' dairy herd or any proceeds from such milk.

In the February 25, 1984 Findings of Fact and Conclusions of Law, 41 B.R. 36, the Court elaborated upon its ruling that milk produced post-petition and proceeds from such milk were free of any security

interest. The Court determined that such milk and milk proceeds were within the general rule of 11 U.S.C. § 552(a) which provides that property acquired by the debtor or estate post-petition is not subject to any lien despite the existence of a pre-petition security agreement which would otherwise encompass the property. The Court discussed the exception to this rule found in 11 U.S.C. § 552(b) and held it inapplicable.

In the alternative, the Court held that even if the milk and milk proceeds were subject to the Bank's security interest under § 552(b), that the Court would terminate the Bank's security interest under its power to terminate a security interest otherwise within the protection of § 552(b) based on the equities of the case. In balancing the equities, the Court found that the Debtors continue to invest time, labor and money in the operation; that the Bank is oversecured; that the Bank is to receive replacement liens in livestock to the extent that the debtors use cash collateral, as well as periodic payments; that the Bank is entitled to make a claim for administrative expenses pursuant to § 507(b) to the extent the "adequate protection" proves to be inadequate; and that the Bank is able to bring another motion for adequate protection in the future should the circumstances warrant. The Court also found that providing the Debtors with a source of unencumbered cash to revitalize their business would facilitate rehabilitation.

On appeal, Appellant Bank contends that the Bankruptcy Court erroneously concluded that the milk produced post-petition and proceeds therefrom were not subject to the Bank's pre-petition security interest under 11 U.S.C. § 552(b). In addition, Appellant contends that the equities of the case were not raised by the parties during the February 7, 1984 hearing on the Bank's motion and thus were not properly before the Bankruptcy Court.

Without need to reach the issue of whether the milk and milk proceeds in issue are subject to the Bank's pre-petition security interest under § 552(b), the Court finds that the Bankruptcy Court's determination that the equities of the case warrant termination of any security interest the Bank would have in such milk and milk proceeds if within the protection of § 552(b) is not clearly erroneous or contrary to law. The Court does not find merit to Appellant's argument that the equities of the case were not properly before the Court. Section 552(b) provides that the Court, after notice and a hearing and based on the equities of the case, may terminate a security interest otherwise within the protection of this section. In considering the Bank's motion for adequate protection, the facts of this bankruptcy and the relative positions of the parties to this appeal were before the Court. At the February 7, 1984 hearing, the applicability of § 552(b) to the milk produced post-petition and proceeds therefrom was addressed. At the conclusion of the hearing, the Court permitted the parties additional time in which to brief this issue.

Based upon the records, proceedings and file in this matter, the Court finds that the February 9, 1984 Order and the February 25, 1984 Findings of Fact as to the equities of the case are not clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED that the February 9, 1984 Order of the Bankruptcy Court is affirmed.